UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

OLAES ENTERPRISES, INC. d/b/a ODM,

                    Plaintiff,                  09 Civ. 8680 (CM)(PED)

--v--

A. D. SUTTON & SONS, INC., et al.,

    Defendants-Counterclaim Plaintiffs,    **OPPOSITION OF HOUSTON**
                                                         **HARVEST, INC., TO PLAINTIFF'S**
                 --v--                                **MOTION FOR PARTIAL**
                                                            **<u>SUMMARY JUDGMENT</u>**
ORANGE COUNTY CHOPPERS, INC., et al.,

            Counterclaim Defendants.
―――――――――――――――――――――X

       DEFENDANT HOUSTON HARVEST, INC., respectfully submits this opposition to the motion of the plaintiff, Olaes Enterprises, Inc. d/b/a ODM, ("ODM's Motion") for partial summary judgment.

       In accordance with Rule 56(f) and as confirmed by the accompanying declaration of Constance Larsen made on its behalf, Houston Harvest is unable to present facts essential to justify its opposition to ODM's Motion without the opportunity for discovery. Rather than simplify proceedings, ODM's Motion is premature and complicates this case.

       The plaintiff's affidavits allege that its employees created certain designs as works for hire, but they nowhere attest through admissible evidence to those employees' actual creation of original works rather than, for example, copying from works created by others. Further, neither the "operative complaint" nor the plaintiff's affidavits specify which (or which elements), if any, of ODM's alleged designs allegedly were used by Houston Harvest or infringe on any right possessed by the plaintiff. The complaint merely asserts, with no explanation: "The Licensees

sold infringing products containing unauthorized copies of the ODM Designs and/or elements thereof.....The Licensees directly infringed the ODM Designs by copying and using the ODM Designs, or design elements thereof, on their product design submissions, advertisement submissions, products, and advertisements." Ex. 2 to Darren J. Quinn Declaration dated February 24, 2010 (DKT Doc. 85-3) at ¶¶ 65, 73. In addition, the complaint names thirty-three unrelated entities as "Licensees" and thirty-eight separate "ODM Designs," each presumably having multiple "elements," that were allegedly "infringed by the counterdefendants." Id. ¶¶ 5-37, 67. Nothing in the papers supporting ODM's Motion, however, identifies ODM Designs or elements allegedly sold, copied, or used by Houston Harvest or why any copying was "unauthorized."[1]

Houston Harvest recognizes that Judge Conner entered a decision in this action before Houston Harvest was a party. Ex. 1 to Quinn Dec., supra (DKT Doc. 85-2). The plaintiff, however, misuses that decision. Judge Conner's decision resolved motions to dismiss the complaint for failure to state a claim under Federal Rule 12(b)(6). As Judge Conner stated, in that ruling the Court "must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to the [plaintiff]....On such a motion, the issue is 'whether the claimant is entitled to offer evidence to support the claims.' A complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Id. at p. 5 of 19 (citations omitted). The decision found the complaint sufficient to state a claim under certain "counts," while

---

[1] Similarly, the plaintiff's Rule 56.1 statement identifies various "ODM Designs" and asserts that "Discovery revealed that the universe of infringing designs was far broader than ODM had originally believed [and] that numerous additional licensees had infringed ODM's registered copyrights." However, the Rule 56.1 statement nowhere mentions Houston Harvest or identifies which, if any alleged "ODM Designs" or elements the plaintiff contends were used or infringed by Houston Harvest. Plaintiff's Rule 56.1 Statement of Material Facts dated February 25, 2010 (DKT Doc. 82) at ¶¶ 34, 38-39. The discovery referenced in the plaintiff's Rule 56.1 statement was taken before Houston Harvest was named as a defendant to the action.

dismissing the remaining "counts." Because the decision was entered when Houston Harvest was not a party to the action and had no opportunity to be heard on the motion, and because it decided nothing but the sufficiency of the pleading to state a claim for relief, it is not dispositive of ODM's Motion as against Houston Harvest.

The Court entered a Civil Case Management Plan calling for completion of discovery by July 2, 2010 and the filing of a joint pre-trial order by September 24, 2010. After Houston Harvest has had the opportunity to conduct discovery, it will be able to submit affidavits presenting facts essential to justify its opposition to ODM's Motion, together with a memorandum of law explaining their importance.[2]

WHEREFORE, Houston Harvest respectfully requests that the Court deny ODM's Motion without prejudice to its renewal after the close of discovery.

Dated: New York, NY
March 11, 2010

KING & SPALDING LLP

by /s/ Richard A. Cirillo
Richard A. Cirillo
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212/556-2100
Telecopier: 212/556-2222

Attorneys for Houston Harvest, Inc.

---

[2] As its response to the plaintiff's Rule 56.1 Statement of Material Facts (DKT Doc. 82), Houston Harvest states that, without discovery, it cannot respond to, and therefore does not admit, the alleged facts set out in paragraphs 1-10, 12-33, and 37-39 thereof; that it does not dispute the contents of the records of the United States Patent and Trademark Office to the extent accurately referenced in paragraphs 11 and 34 thereof; that Judge Conner rendered the decision on the motion referenced in paragraphs 35 and 36 thereof; and that ODM filed an amended pleading referenced in paragraphs 40 and 41 thereof.